UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>          Plaintiff,<br><br>    v.<br><br>PETER NELSON, et al.,<br><br>          Defendants. | Case No. 3:17-cv-00560-JD<br><br>**ORDER RE MOTIONS TO VACATE SETTLEMENT AND FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 44, 48 |

Plaintiff Saddozai, who is a California state prisoner and is proceeding here pro se, seeks to vacate a settlement of his claims that was reached with the assistance of Chief Magistrate Judge Joseph Spero. Dkt. No. 44. The request is denied.

Saddozai filed a civil rights lawsuit in February 2017 for injuries he sustained after being shot by a Daly City police officer. He was represented by an attorney at all times from the filing of the complaint through settlement and dismissal. At the parties' joint request, the Court designated Chief Judge Spero to facilitate settlement negotiations. Dkt. No. 25. The parties' discussions took place over a few months, with Saddozai participating in settlement conferences by telephone from prison. Dkt. No. 31. Along the way, Saddozai sent a couple of letters to Chief Judge Spero indicating in very general terms some displeasure with his attorney's performance, and raising unrelated matters about his conditions of confinement. *See, e.g.,* Dkt. No. 35. He eventually re-affirmed representation by his attorney. Dkt. No. 38. Saddozai's counsel continued to handle the case and negotiated a substantial monetary settlement for Saddozai's shooting injuries. Saddozai signed the settlement on May 23, 2018, before a notary public. Dkt. No. 45-2, Exh. D. At the joint request of counsel for the parties, the case was dismissed with prejudice on June 19, 2018. Dkt. No. 41.

On June 21, 2018, the Court received a letter from Saddozai raising a variety of concerns about his conditions of confinement. Dkt. No. 42. The Court had previously advised Saddozai that it would not consider these matters because they were entirely unrelated to his complaint about the shooting, and should be pursued in a separate case. *See* Dkt. No. 37.

On August 23, 2018, Saddozai filed this motion to vacate the settlement. Dkt. No. 44. Saddozai contends that he did not authorize the settlement and again makes very general criticisms of his attorney's performance.

While the legal basis for Saddozai's request is far from clear, the Court sees no reason to throw out the settlement. Saddozai was represented by counsel at times, and he offers no facts whatsoever to call his attorney's competency or professionalism into question. The specifics of the settlement process, including the parties' acceptance and ratification of it, were overseen by our Chief Magistrate Judge, who is known to the judges of this district and beyond to be scrupulously fair and impartial in the performance of his judicial duties. In effect, Saddozai had multiple safeguards against an involuntary or uninformed settlement, and has not proffered any evidence that he was in any way coerced or misled into signing the settlement agreement. The request to vacate the settlement is denied.

Saddozai's motion for appointment of counsel is also denied. Dkt. No. 48. Litigants have no right to counsel in civil actions, and no "exceptional circumstances" warrant an appointment. *Roberts v. Hinrichs*, No. 18-CV-00226-JD, 2018 WL 3068307, at *2 (N.D. Cal. June 21, 2018).

**IT IS SO ORDERED.**

Dated: February 25, 2019

JAMES DONATO
United States District Judge